24 F.3d 248
 73 A.F.T.R.2d 94-2129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara Jean O'NEIL, aka Barbara Jean Kerpsack, Plaintiff-Appellee,
v.
Raymond CAREY, Defendant-Appellant,
and
Internal Revenue Service.
 No. 92-16038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided May 6, 1994.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges; GEORGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Raymond Carey, trustee for the bankruptcy estate of Barbara Jean Kerpsack (the "Trustee"), appeals a judgment of the district court ordering the Trustee to allow a claim on behalf of the Internal Revenue Service ("IRS") for $33,545.00 in unpaid prepetition taxes against the bankruptcy estate. The Trustee timely appealed the district court's judgment, and we have jurisdiction under 28 U.S.C. Sec. 158(d). We affirm.
 
 
 4
 * The Trustee contends that it is entitled to use a defense of payment to disallow the IRS' claim, regardless of the fact that Kerpsack's involuntary payment occurred after she had filed her bankruptcy petition. 18 U.S.C. Sec. 558; Fed.R.Civ.P. 8. While we might be sympathetic to the Trustee's arguments on this issue, the defense of payment no longer is available to the Trustee. In its memorandum and order, the district court concluded, pursuant to 26 U.S.C. Sec. 7426(a)(1), that the IRS had wrongfully levied against the proceeds from the sale of Kerpsack's homestead and ordered the IRS to refund $33,545.40 to Kerpsack.
 
 
 5
 The IRS has not appealed the district court's judgment. Further, the Trustee lacks standing to appeal the portion of the district court's judgment directed against the IRS. "Ordinarily, a party may only appeal to protect its own interests, and not those of a coparty, even though the outcome of the appeal may have some effect on the party." In re Cinematronics, Inc., 916 F.2d 1444, 1448 (9th Cir.1990) (internal quotations omitted). In Cinematronics, the trustee of a corporation's bankruptcy estate and the corporation's principal shareholder were counter-defendants to contract and tort claims brought by another company. The district court determined that the bankruptcy court was competent to conduct a jury trial on these claims, and the trustee and shareholder appealed, alleging that a jury trial before the bankruptcy court violated their rights under the Seventh Amendment. On appeal, the court declined to consider whether the trustee's Seventh Amendment rights had been violated because it had failed to raise this argument with the district court. Id. at 1448. Because the trustee had no standing to assert that the shareholder's Seventh Amendment rights had been violated, the court dismissed the trustee's appeal for lack of jurisdiction. Id.
 
 
 6
 The district court's determination that the IRS' levy was wrongful, and its order requiring the IRS to refund the levied funds, concern only the IRS' rights and interests. The Trustee lacks standing to appeal these portions of the district court's judgment. Since Kerpsack's payment to the IRS thus will be refunded, the Trustee no longer can raise a defense of payment under section 558 of the Bankruptcy Code.
 
 
 7
 The fact that the district court ordered the IRS to return the wrongfully levied money to Kerpsack only after it first has been paid by the Trustee does not alter this conclusion. The IRS' levy has been determined to be wrongful, and the Trustee has admitted that sufficient funds remain in the estate to pay the IRS' priority claim in full. Since Kerpsack thus is guaranteed a refund, the sequence of payments by the parties does not alter the fundamental fact that Kerpsack has not made a permanent, unconditional payment to the IRS.
 
 II
 
 8
 The Trustee's remaining arguments are undermined by the IRS' refund to Kerpsack. Although he objects to a determination of Kerpsack's and the estate's tax liability under section 505 of the Bankruptcy Code, 18 U.S.C. Sec. 505, the district court did not enter a formal discharge of Kerpsack from her tax debt, and the Trustee admits that the IRS would have been paid from the bankruptcy estate had its claims not have been satisfied by earlier payment. The IRS' refund also obviates the Trustee's claim that Kerpsack's payment did not subrogate her to the IRS' priority claim.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Lloyd D. George, Chief United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3